NORTHERN STATES POWER COMPANY, a Minnesota corporation, Plaintiff,

v.

WESTINGHOUSE ELECTRIC, CORPORATION, a Pennsylvania corporation, Defendant.

No. CIV–4–93–680.

United States District Court, D. Minnesota, Fourth Division.

May 27, 1994.

Kenneth E. Tilsen, St. Paul, MN, for intervenor the Prairie Island Coalition Against Nuclear Storage.

W. Patrick Judge, and A. Patrick Leighton, St. Paul, MN, for plaintiff.

R. Benjamin Reed, and Steven M. Phillips, Minneapolis, MN, for defendant.

## ORDER

FRANKLIN L. NOEL, United States Magistrate Judge.

THIS MATTER came before the undersigned United States Magistrate Judge on the 4th day of April, 1994 for a hearing on a motion to intervene by the Prairie Island Coalition Against Nuclear Storage ("Coalition"). The motion to intervene was taken under advisement.

## I. *FACTS.*

This is a dispute between plaintiff Northern States Power Company ("NSP") and defendant Westinghouse Electric Corporation ("Westinghouse"). NSP alleges that Westinghouse sold it four defective steam generators, which were installed in the Prairie Island Nuclear Power Plant. The Coalition seeks to intervene in the case.

## II. *ANALYSIS.*

The Coalition seeks to intervene for the limited purposes of:

1) participating in any motion or proceeding relating to a protective order or confidentiality request which would limit access to judicial documents;

2) requiring the parties to inform the intervenors of all discovery requests and responses and to permit the intervenors access to all documents and data exchanged by the parties pursuant to discovery requests; and

3) requiring the parties to give notice to the intervenors of oral depositions or depositions upon written interrogatories and to permit intervenors to be present at depositions and to have access to deposition transcripts.

It does not seek to actively participate in the lawsuit. The Coalition argues that the issues in this case implicate public health and safety which affect all Minnesotans. Moreover, it argues that the public has a right of access to materials filed with the court.

### A. *INTERVENTION IS THE PROPER PROCEDURE.*

The Coalition argues that intervention is the proper procedure to allow third-parties access to information. The Coalition further argues that public interest groups are proper intervenors for public access claims.

The Coalition contends that intervention will not cause undue burden, delay, or prejudice to the parties. It merely seeks to preserve the openness of the court files. The Coalition argues that the significant public interest in the litigation outweighs any minor inconvenience to the parties.

The Coalition argues that public intervention is justified because of the parties' business. Courts have recognized that costs incurred protecting the public health are costs of doing business for the nuclear power industry.

NSP and Westinghouse oppose intervention by the Coalition. They argue that the Coalition has no right to intervene in this private commercial dispute.[1] The parties claim the Coalition fails to satisfy the requirements for intervention of right, Fed.R. of Civ.P. 24(a). It does not have any statutory right, nor any interest in the "property or transaction" at issue in the case. According to the parties, disposition of this action will have no effect on the Coalition, nor will it impair or impede the Coalition's ability to protect its interests.

---

**1.** Although the parties describe this as a private commercial dispute, it would appear to the court, more accurate to describe it as a public commercial dispute between private litigants.

The parties also argue that the Coalition fails to satisfy the requirements for permissive intervention, Fed.R. of Civ.P. 24(b). The parties contend that the Coalition cannot show any "claim or defense" which has a question of law or fact in common with the main action. Westinghouse adds that permissive intervention should not be granted because the nuclear power industry, including NSP, is regulated by the Nuclear Regulatory Commission ("NRC") and other agencies. The NRC addresses issues of public health and safety. The Coalition may seek inspection of records maintained by the NRC.

The parties argue that the Coalition should not be allowed to intervene for purposes of challenging a protective order. Neither party has moved for a protective order yet. Protective orders in complex litigation are usually agreed upon and administered by litigants. The parties argue that the Eighth Circuit has never departed from the standards set forth in Rule 24 in reviewing orders granting or denying intervention.

The parties assert that the Coalition's generalized interest in environmental issues and its concern over spent nuclear fuel storage does not give it standing. Neither is an issue in this case. Moreover, the Coalition's interest in public health and safety is not founded on the contracts at issue here. It has alleged no substantive claims against either party, and there is no showing of a "case or controversy" sufficient to give it standing.

Even if the Coalition could meet the requirements for intervention, the parties contend that intervention would be inappropriate because it would unduly prejudice existing parties. The parties assert that they have legitimate privacy interests in protecting their confidential, proprietary, technological, and business information. They further argue that the Coalition's requested relief would require every document to be filed with the court. This alone justifies a blanket protective order.

The parties argue that intervention will create an undue burden on them and will interfere with litigation. A document-by-document determination of proprietary information and trade secrets would have to be made *in camera.* Westinghouse contends that the parties' legitimate secrecy interests outweigh the Coalition's need for information. The Coalition can obtain the documents from the Nuclear Regulatory Commission ("NRC"). Westinghouse further argues that its competitors will benefit from the intervention, not the public at large.

■ The court concludes that intervention is the proper procedure. *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 783 (1st Cir.1988) (observing that intervention is "the procedurally correct course for third-party challenges to protective orders."), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *In re Agent Orange Product Liability Litigation,* 821 F.2d 139 (2nd Cir.1987) (Vietnam Veterans of America intervened to challenge a protective order), *cert. denied sub nom. Dow Chemical Co. v. Ryan,* 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987); *In re Alexander Grant & Co. Litigation,* 820 F.2d 352, 354 (11th Cir.1987) (noting that newspaper publisher had standing to intervene to challenge a protective order); *In re Beef Industry Antitrust Litigation,* 589 F.2d 786, 789 (5th Cir.1979) (concluding that "[t]here is no question that the procedurally correct course ... would have been to obtain status in the suits as intervenors."). The court concludes that *Public Citizen* and *Agent Orange* are directly on point.

In *Public Citizen,* 858 F.2d at 776, a group of public health organizations ("Public Citizen") sought modification of a protective order so that it could have access to discovery materials. The parties challenged the modification on the grounds that Public Citizen lacked standing and had not obtained intervenor status. The First Circuit found that intervention is the " 'procedurally correct course' for third-party challenges to protective orders." *Id.* at 783. Although not formally granted formal intervention status, the First Circuit found that by granting relief to Public Citizen the court had implicitly granted intervention.[2] *Id.* at 784. Likewise, in

---

**2.** The First Circuit also noted that in its motion

to participate in the proceedings under Local

*Agent Orange*, 821 F.2d at 141, the Second Circuit affirmed the Magistrate's order allowing the organization of Vietnam Veterans of America ("VAA") to intervene to protest a protective order. The Second Circuit held that Rule 5(d) and Rule 26(c) provide a statutory right of access to the discovery material in question. *Id.* at 146.

■ Here, the Coalition has properly moved to intervene. The parties argue that the Eighth Circuit has never adopted the approach taken by the First and Second Circuits. However, neither the plaintiff nor the defendant has cited any authority from any circuit which suggests that intervention is not the proper procedure under these circumstances. Indeed, it appears to the court that every circuit to address the issue has concluded that intervention is the proper procedure for non-parties to challenge protective orders.

NSP's attempt to distinguish *Public Citizen* and *Agent Orange* is disingenuous. NSP argues that intervention was granted in those cases because the court had imposed overly broad protective orders. Because there is no protective order in this case, NSP argues *Public Citizen* and *Agent Orange* are inapplicable. NSP's argument fails to recognize that the precise reason the Coalition seeks to intervene in the instant case is to argue against the adoption of overbroad protective orders.

The court concludes that the Coalition should be permitted to intervene for the purpose of challenging discovery orders.

## B. *RIGHT OF ACCESS TO DISCOVERY MATERIALS.*

The Coalition argues that the public's right of access to discovery materials is found in the requirements of Fed.R.Civ.P. 5(d) which requires filing with the Clerk of Court all papers served on opposing parties. The Coalition requests that upon a motion or on its own, the court should require filing of discovery material whenever the public has an interest in the material. Alternatively, the Coalition seeks to have the materials made available to it, who in turn will make the documents available to the public.

The parties contend that the Coalition has no right to discovery generated in this case. They argue that members of the public do not have a constitutional right of access to pretrial discovery materials. The parties contend that the Coalition's reliance on Rule 5(d) is misplaced. They assert that Rule 5(d) only governs interrogatories, document requests and other discovery papers which are required to be "served" on parties. The Rule does not require the filing of documents produced for inspection and copying, because such documents are not required by the rules to be "served". They argue that LR 79.1 provides that such materials shall not be filed absent an order of the court.

NSP contends that the Coalition has no right to attend depositions. It contends that the public does not have such a right, *Gannett Co. v. DePasquale*, 443 U.S. 368, 396, 99 S.Ct. 2898, 2913–14, 61 L.Ed.2d 608 (1979) (Burger, C.J., concurring).[3] Moreover, NSP argues that the Coalition's presence at depositions would impede discovery and prejudice the parties' ability to prepare for trial. It is unlikely that the depositions will yield testimony on the issues which are of interest to the Coalition.

The Eighth Circuit has expressly left open the question of First Amendment or common

Rule 16, Public Citizen had alternatively requested that it be granted intervenor status. *Id.*

3. The court notes that the Burger dicta in *Gannett,* regarding depositions being wholly private, appears to ignore the requirements of Rule 5(d), which requires the filing of deposition transcripts. *See also Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 n. 19, 104 S.Ct. 2199, 2207 n. 19, 81 L.Ed.2d 17 (1984) (noting that Rule 5(d) requires the parties to file deposition transcripts with the court). Moreover, *Gannett* did not involve the public's right to attend civil depositions, instead it involved the public's constitu-

tional right to attend criminal trials. The Supreme Court found that any constitutional public right of access was outweighed by the defendant's right to a fair trial. *Id.* 443 U.S. at 393, 99 S.Ct. at 2912. The Supreme Court observed that "our adversary system of criminal justice is premised upon the proposition that the public interest is fully protected by the participants in the litigation." *Id.* at 384, 99 S.Ct. at 2907. The prosecutor is a representative of the public. *Id.* at 384 n. 12, 99 S.Ct. at 2908 n. 12. These issues are not present here.

law right of public access to judicial proceedings. *Webster Groves School Dist. v. Pulitzer Pub. Co.,* 898 F.2d 1371 (8th Cir.1990). In *Webster Groves,* the Eighth Circuit affirmed an order excluding the press from access to judicial proceedings. The case involved a handicapped student's expulsion from school after being caught with a handgun. *Id.* at 1373. The Eighth Circuit found that the "newspaper's right to access" was outweighed by the student's "privacy interest and the state's interest in protecting minors from the public dissemination of hurtful information." *Id.* at 1377. No such privacy interests are present here.

While the First Amendment does not give special rights to supersede a Rule 26(c) protective order, *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), the court is aware of no authority, other than *Agent Orange* and *Public Citizen,* addressing whether and to what extent the public's right of access should be considered in deciding whether or not, or upon which terms to grant a protective order.

Rule 5(d) clearly contemplates that the public has some interest in the content of documents "required to be served," even though local rule has relieved parties of the logistical burden of filing. The Second Circuit has observed that Rule 5(d) "embodies the [Advisory] Committee's concern that class action litigants and the general public be afforded access to discovery materials whenever possible." *Agent Orange,* 821 F.2d at 146. The Second Circuit concluded that "Rule 5(d) and Rule 26(c) provide a statutory right of access to the discovery materials in question." *Id.*

■ The only question currently before the court is whether the Coalition should be permitted to intervene for the purposes articulated in its motion. The court need not decide at this time precisely which, if any, discovery the intervenor will be entitled to see. As yet neither party has sought a protective order, and no discovery request has yet generated any motions. The question of what, if any, discovery the intervenor will be permitted to see can best be decided in the context of concrete disputes over particular discovery requests. Other than to conclude

that the intervenor is not entitled to *attend* depositions, the court expresses no opinion as to what, if any, discovery the intervenor will be granted access. The motion to intervene will be granted in part and denied in part.

Based upon all the files, records and proceedings herein,

**IT IS HEREBY ORDERED:**

The motion to intervene is **GRANTED in part and DENIED in part [20]** as follows:

1. Insofar as the motion seeks authority to participate in proceedings pertaining to a request for a protective order or confidentiality request, the motion is GRANTED;

2. Insofar as the motion seeks access to discovery requests, the motion is GRANTED without prejudice to the right of any party to seek a protective order under Rule 26(c) with respect to any specific request limiting or denying the Coalition access. The party seeking the protective order shall have the burden of showing that a protective order is required;

3. Insofar as the motion seeks access to discovery responses, the motion is DENIED, without prejudice to the right of the Coalition to seek access to specific responses. If the parties are unable to resolve any disputes over what responses should be made available to the Coalition, the Coalition shall have the burden of bringing the dispute to the court's attention by making a motion to compel. However, the party whose response is at issue, shall have the burden to establish that the response is entitled to protection under Rule 26(c);

4. Insofar as the motion seeks an order permitting intervenors to attend depositions, the motion is DENIED. Intervenors, however, shall have access to deposition transcripts, subject to the right of any party to seek a protective order under Rule 26(c) with respect to any particular deposition transcript or portions thereof. The party seeking the protective order shall have the burden of showing that a protective order is required.